**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WESTFIELD PREMIER INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22 CV 5354 |
| ) | |
| KANDU CONSTRUCTION, INC.; JAMES ) | |
| KANDU; and CANO DURAKOVIC, ) | |
| Special Administrator of the Estate of ) | |
| DILAN DURAKOVIC, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Westfield Premier Insurance Co., ("Westfield"), by its attorneys, Esp Kreuzer Cores LLP, pursuant to 28 U.S.C. 2201 and 2202, for its Complaint for Declaratory Judgment against Defendants, Kandu Construction, Inc.; James Kandu; and Cano Durakovic, Special Administrator of the Estate of Dilan Durakovic, states:

### I. JURISDICTION

1.      The jurisdiction of the Court is premised upon 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### II. VENUE

2.      Venue is premised upon 28 U.S.C. §1391(c) in that each defendant is a resident of this District as defined by 28 U.S.C. 1391(c) and a substantial part of the events or omissions giving rise to this suit occurred in the District.

### III. THE PARTIES

3.      Westfield is an Ohio corporation, with its principal place of business in Westfield

Center, Ohio. At all times relevant herein, Westfield was authorized to issue policies of insurance in the State of Illinois and issued a certain policy to its named insured, Kandu Construction, as detailed herein.

4.      James Kandu is a person who resides in Illinois.

5.      Kandu Construction, Inc. is an Illinois corporation with its principal place of business located in Illinois.

6.      Cano Durakovic is the underlying plaintiff and is an Illinois resident.

### IV.  THE JULY 1, 2022 UNDERLYING COMPLAINT

7.       On July 1, 2022, Cano Durakovic, Special Administrator of the Estate of Dilan Durakovic, filed a complaint against James Kandu and Kandu Construction. Westfield attaches a copy of the underlying complaint as (Ex. 1).

8.      The underlying complaint alleges that on September 5, 2021, James Kandu and Kandu Construction hosted an illegal underage drinking party at Kandu Construction's warehouse premises located at 8055 N. Ridgeway Avenue, Skokie, Illinois. (Ex. 1 at 2¶¶5-7, 5¶¶24-25, 8¶¶44-45, 10¶54).

9.      The underlying complaint alleges that Adrian Alic was under the age of 21 at the time of the alleged incident.  (Ex. 1 at 3¶16, 6¶35, 9¶53).

10.      The underlying complaint alleges that Alic provided transportation for himself and for Dilan Durakovic to the warehouse. (Ex. 1 at 2¶8, 2¶12, 8¶47, 6¶33, 9¶51).

11.      The underlying complaint alleges that James Kandu and Kandu Construction encouraged Alic to drink until he became visibly intoxicated. (Ex. 1 at 1¶9, 2¶11, 6¶32, 8¶48, 9¶50).

12.      The underlying complaint alleges that James Kandu and Kandu Construction

undertook to provide security measures for the party. (Ex. 1 at 5¶28).

13. The underlying complaint alleges that the party became overcrowded with underaged drinkers and was shut down at approximately 11:00 pm, at which time James Kandu and Kandu Construction commanded the minor invitees to vacate the premises. (Ex. 1 at 2¶10, 6¶31, 9¶49).

14. The underlying complaint alleges that James Kandu and Kandu Construction required Alic to drive off the premises while visibly intoxicated. (Ex. 1 at 2¶11, 6¶32, 9¶50).

15. The underlying complaint alleges that Dilan Durakovic was a passenger in the auto at the time that Alic drove off the premises. (Ex. 1 at 2¶12, 6¶33, 9¶51).

16. The underlying complaint alleges that Cano Durakovic lost control over his vehicle while driving and slammed into a tree, fatally injuring Dilan Durakovic. (Ex. 1 at 3¶13, 6¶34, 9¶52).

17. The underlying complaint alleges that Dilan Durakovic was 19 years and 3 months old at the time of the September 5, 2021 incident. (Ex. 1 at 1¶1, 4¶20, 8¶40).

18. The underlying complaint seeks to recover for fatal injuries that Cano Durakovic's decedent sustained on September 5, 2021, along with the losses that Cano Durakovic, Meleca Durakovic, and Julia Durakovic sustained as a result of Dilan Durakovic's death. (Ex. 1 at 4¶18, 7¶38, 10¶56-57).

## VII. THE WESTFIELD COMMERCIAL PACKAGE POLICY

19. Westfield issued a business insurance policy to Kandu Construction, policy number CWP 4538701, effective March 18, 2021 to March 18, 2022. Westfield attaches as (Ex. 2) a copy of the commercial package policy that it issued to Kandu Construction.

20. The policy includes Commercial General Liability Declarations Amended

("CGL"). (Ex. 2 at WEST0262-66).

21.     The CGL has a limit of liability of $1 million each "occurrence" and $2 million in the aggregate. (Ex. 2 at WEST0262-66).

22.     The business insurance policy includes a Contractor's Errors and Omissions Coverage Declarations amended ("E&O"). (Ex. 2 at WEST0267).

23.     The E&O has a limit of liability of $10,000 per claim and $10,000 in the aggregate. (Ex. 2 at WEST0267).

24.     The business insurance policy includes Business Auto Declarations Amended ("BAL"). The BAL has a limit of $1 million each accident. (Ex. 2 at WEST0268-71).

25.     The business insurance policy includes Commercial Liability Umbrella Coverage Declarations ("Umbrella"). (Ex. 2 at WEST0274-75).

26.     The Umbrella has a limit of liability of $5 million each "occurrence" and $5 million in the aggregate.  (Ex. 2 at WEST0274-75).

27.     The Schedule of Underlying Insurance identifies the $1,000,000 each occurrence CGL and the $1,000,000 each accident BAL. (Ex. 2 at WEST0274-75).

28.     The Commercial Common Policy Declarations Amended read in part: "Business of Named Insured: Contractors." (Ex. 2 at WEST0256).

29.     The top of the first page of the CGL Coverage Form reads in part:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we," "us" and "our" refer to the company providing this insurance.

> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

(Ex. 2 at WEST0091).

30.     "Coverage A – Bodily Injury and Property Damage Liability" of Section I of the

CGL reads in part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" of "property damage" to which this insurance does not apply. ***

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

**(2)** The "bodily injury" or "property damage" occurs during the policy period; ***

(Ex. 2 at WEST0091).

31.     "Coverage A – Bodily Injury and Property Damage Liability" of Section I of the

CGL reads in part:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force for the purpose of protecting persons or property.

5

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reasons of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract;" and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*       \*       \*

### g. Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of

6

> any aircraft, "auto" or watercraft that is owned or operated
> by or rented or loaned to any insured. * * *

(Ex. 2 at WEST0092-94).

32.     "Coverage B – Personal and Advertising Injury Liability" of Section I of the CGL

reads in part:

### 1. Insuring Agreement

> **a.** We will pay those sums that the insured becomes legally
> obligated to pay as damages because of "personal and
> advertising injury" to which this insurance applies. We will
> have the right and duty to defend the insured against any "suit"
> seeking those damages. However, we will have no duty to
> defend the insured against any "suit" seeking damages for
> "personal and advertising injury" to which this insurance does
> not apply . . .
>
> **b.** This insurance applies to "personal and advertising injury"
> caused by an offense arising out of your business but only if
> the offense was committed in the "coverage territory" during
> the policy period.

(Ex. 2 at WEST0096).

33.     Section II – Who Is An Insured of the CGL reads in part:

**1.** If you are designated in the Declarations as: * * *

> **d.** An organization other than a partnership, joint venture or limited
> liability company, you are an insured. Your "executive officers" and
> directors are insureds, but only with respect to their duties as your
> officers or directors. Your stockholders are also insureds, but only
> with respect to their liability as stockholders.

(Ex. 2 at WEST0099).

34.     Section IV of the CGL reads in part:

### 2. Duties In The Event Of Occurrence, Offense, Claim or Suit

> **a.** You must see to it that we are notified as soon as practicable of
> an "occurrence" or an offense which may result in a claim. To
> the extent possible, notice should include: (1) How, when and

where the 'occurrence' or offense took place; (2) The names and addresses of any injured persons and witnesses; and (3) The nature and location of any injury or damage arising." * * *

**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverage A or B of this Coverage Part, our obligations are limited as follows:

### a. Primary insurance

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

### b. Excess Insurance

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent, or on any other basis:

**(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk, or similar coverage for "your work;"

8

**(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

**(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(iv)** If the loss arises out of the maintenance or use of aircraft, "autos," or watercraft to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily Injury and Property Damage Liability.

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or products and completed operations for which you have been added as an additional insured.

\*       \*       \*

**(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

(Ex. 2 at WEST0101-102).

35. Section V of the CGL reads in part:

**SECTION V – DEFINITIONS**

\*       \*       \*

**9.** "Insured contract" means:

\*       \*       \*

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability

means a liability that would be imposed by law in the absence of any contract or agreement.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication of material that violates a person's rights of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

(Ex. 2 at WEST0103-106).

36. Endorsement CG 71 69 10 19, titled "Commercial General Liability Contractors Endorsement," reads in part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

The coverage provided by this endorsement is summarized below and is intended to provide a general
coverage description only. For the details affecting each coverage please refer to the terms and
conditions in this endorsement.

**A. Liquor Liability Coverage Extension** * * *

**A. LIQUOR LIABILITY COVERAGE EXTENSION**

Under **SECTION 1, COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, Item **2. Exclusions c. Liquor Liability** is deleted.

(WEST0151).

37.     The top of the first page of the Illinois – Contractor's Errors and Omissions

Coverage Form – Claims Made, reads in part:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (Section II).

(Ex. 2 at WEST0442).

38.     Section I of the "Illinois – Contractor's Errors and Omissions Coverage Form –

Claims Made" reads in part:

**SECTION I – COVERAGE**

**1. Insurance Agreement**
**a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of a "claim" to which this insurance applies. The damages must have resulted from the insured's negligent act, error or omission while acting in your business capacity as described in the Declarations, or from a defect in material or in a product sold or installed by the insured while acting in this capacity. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.

(Ex. 2 at WEST0442).

39.     Section I of the "Illinois – Contractor's Errors and Omissions Coverage Form –

Claims Made" further reads in part:

**B. Exclusions**
This Insurance does not apply to:

*        *        *

**3. Bodily Injury, Property Damage, or Personal and Advertising Injury**
a. "Bodily Injury," "personal and advertising injury"; or
b. "Property damage" to property other than "your product", "your work"
or "impaired property."

*        *        *

**5. Contractual**
Any liability of others assumed by the insured under any contract or
agreement, whether oral or in writing. This Exclusion does not apply to
liability for damages that the insured would have in the absence of the
contract or agreement.

*        *        *

**9. Intentional Injury**

Any liability for damages which may reasonably be expected to result
from the intentional or criminal acts of an insured or which is in fact
expected or intended by the insured, even if the injury or damage is of a
different degree or type than actually expected or intended.

(Ex. 2 at WEST0443-46).

40.     Section II – Who Is An Insured of the E&O reads:

**1.** If you are designated in the Declarations as: * * *

**d.** An organization other than a partnership, joint venture or limited
liability company, you are an insured. Your "executive officers" and
directors are insureds, but only with respect to their duties as your
officers or directors. Your stockholders are also insureds, but only
with respect to their liability as stockholders.

12

(Ex. 2 at WEST0447).

41.     Subsection 2 of Section IV of the E&O form reads:

As a condition precedent to coverage under this Coverage Part:

**a.**   You shall give us written notice as soon as practicable of any "claim" brought against any insured and shall give such information and cooperation as we may reasonably require, including but not limited to a description of the "claim", the nature of the alleged injury, the names of the claimants, and the manner in which the insured first became made aware of the "claim".

**b.**   You shall provide us with all information, assistance and cooperation which we reasonably request and agree that in the event of a "claim" you will do nothing that may prejudice our  position or our potential or actual rights of recovery.

**c.**   You shall not settle any "claim," incur any defense costs or otherwise assume any contractual obligation or admit any liability with respect to any "claim" without our written consent, which shall not be unreasonably withheld. We shall not be liable for any settlement, defense costs, assumed obligation or admission to which we have not consented.

(Ex. 2 at WEST0448-49).

42.     Subsection 4 of Condition IV of the E&O form reads in part:

If there is other similar insurance that applies to the same "loss" we will proportionately share payment of the amount of "loss" with the other insurance company.

(Ex. 2 at WEST0449).

43.     Section V, titled "Definitions," of the E&O form reads in part:

**4.** "Claim" means a demand or "suit" which seeks money damages for:

   **a.** "Property damage" to "your product";

   **b.** "Property damage" to "your work";

   **c.** "Property damage" to "impaired property"; or

   **d.** Loss, cost or expense incurred by others for the loss of use, repair, replacement or adjustment, of:

   **(1)** "Your product";

   **(2)** "Your work"; or

   **(3)** "impaired property";

   if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it; however, this does

13

not include "normal or customary adjustments" to "your product" or "your work" after installation, caused by faulty workmanship, materials or design.

\*        \*        \*

**10.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous, if such property can be restored to use by the repair, replacement, adjustment or removal or "your product" or "your work".

\*        \*        \*

**13.** "Normal or customary adjustments" means those operations and expenses routinely engaged in or incurred after the installation of "your work" or "your product" to render it fully functional and/or efficient and anticipated in your installation contract.

\*        \*        \*

**16.** "Property damage" means:
    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to have taken place at the time of the incident that caused it.
    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to have taken place at the time of the incident that caused it.

\*        \*        \*

**18.** "Your product" means:
    **a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
        **(1)** You;
        **(2)** Others trading under your name; or
        **(3)** A person or organization whose business or assets you have acquired; and
    **b.** Containers (other than vehicles), materials, parts or      equipment furnished in connection with such goods or products. "Your product" includes the providing of or failure to provide warnings or instructions. "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**19.** "Your work" means:
    **a.** Work or operations performed by you; and

**b.** Materials, parts or equipment furnished in connection with such work or operations. "Your work" includes the providing of or failure to provide warnings or instructions

(Ex. 2 at WEST0451-54).

44.     The business auto declarations amended reads in part:

| Coverages | Covered Auto Symbols |
|---|---|
| Covered Autos Liability | 8,9 |

(Ex. 2 at WEST0268).

45.     The first page of the business auto liability coverage form reads in part:

Item Two of the Declarations shows the 'autos' that are covered 'autos' for each of your coverages. The following numerical symbols describe the 'autos' that may be covered 'autos'. The symbols entered next to a coverage on the Declarations designate the only 'autos' that are covered 'autos'.

(Ex. 2 at WEST0462).

46.     Symbol 8 on the first page of the business auto liability coverage form reads:

Only those 'autos' you lease, hire, rent or borrow. This does not include any 'auto' you lease, hire, rent or borrow from any of your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

(Ex. 2 at WEST0462).

47.     Symbol 9 on the first page of the business auto liability coverage form reads:

Only those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes 'autos' owned by your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs.

(Ex. 2 at WEST0462).

48.     Section II of the business auto liability coverage form reads in part:

[w]e will pay all sums an 'insured' legally must pay as damages because

15

of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'.

(Ex. 2 at WEST0463).

49.     Subsection 1 of section II of the business auto liability coverage form, titled "Who Is An Insured," reads in part:

> The Following are 'insureds':
>     a. You for any covered 'auto'.
>     b. Anyone else while using your permission a covered 'auto' you own, hire or borrow except:
>         (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>         (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>         (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>         (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
>         (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
>     c. Anyone liable for the conduct of an 'insured' described above but only to the extent of that liability.

(Ex. 2 at WEST0463-64).

50.     General Condition 5 titled "Other Insurance" of Section IV of the business auto liability coverage form provides that: "For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance." (Ex. 2 at WEST0469).

16

## VIII. BASIS FOR RELIEF

### COUNT I: NO DUTY TO DEFEND KANDU CONSTRUCTION UNDER THE CGL COVERAGE PART

1-50.    Westfield adopts paragraphs 1 through 50 of the general allegations as paragraphs 1 through 50 of Count I.

51.    Westfield Insurance Company owes no duty to defend Kandu Construction under the CGL for one or more of the following reasons:

a) The underlying complaint does not allege that Kandu Construction's liability is with respect to the conduct of Kandu Construction's business as a general contractor or carpentry contractor in connection with construction, reconstruction, repair or erection of buildings;

b) Without prejudice to the foregoing position, harm resulting from the insured hosting illegal underage drinking parties is not an "accident" or "occurrence," as the CGL uses that term;

c) Without prejudice to the foregoing positions, the natural and ordinary consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

d) Without prejudice to the foregoing positions, the natural and ordinary consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

e) Without prejudice to the foregoing positions, the CGL was not intended to provide coverage against disappointed commercial expectations in connection with Kandu Construction hosting illegal underage drinking parties;

f) Without prejudice to the foregoing positions, the CGL was not intended to provide

coverage against bodily injury arising out of Alic's act of illegally driving his vehicle while intoxicated;

g) Without prejudice to the forgoing positions, the CGL was not intended to provide coverage against bodily injury arising out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured, including "use" in the form of loading or unloading;

h) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the CGL, where the acts of an insured in hosting illegal underage drinking parties, the consequences of which is a fatal auto-accident, are intentional or criminal acts for which a CGL was not intended to provide coverage;

i) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the CGL, where it is expected or intended that hosting illegal underage drinking parties results in harm or injury;

j) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no duty to defend exists under the CGL, where it is expected or intended that the consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

k) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the CGL, where it is expected or intended that the consequences of requiring underage persons to

18

drive off the premises while visibly intoxicated is harm or injury;

l)  Without prejudice to the forgoing positions, the contractual liability exclusion reinforces the proposition that the CGL was not intended to provide coverage against disappointed commercial expectations in connection with Kandu Construction hosting illegal underage drinking parties;

m) Without prejudice to the forgoing positions, in this case, the underlying complaint does not allege any contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, so as to involve an insured contract situation;

n)  Even if the underlying complaint did allege a contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, Illinois courts would render the promise void and wholly unenforceable as against public policy;

o)  Without prejudice to the forgoing positions, auto exclusion reinforces the proposition that CGL was not intended to provide coverage against Alic's act of illegally driving while intoxicated;

p)  Without prejudice to the forgoing positions, the auto exclusion reinforces the proposition that CGL was not intended to provide coverage against bodily injury arising out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured, including "use" in the form of loading or unloading;

q)  The underlying complaint does not set forth allegations against Kandu Construction constituting any of the offenses set forth in the definition of

"personal and advertising injury," therefore, there is no duty to defend;

r)   Without prejudice to the forgoing positions, if Kandu Construction knew of the incident, but failed to provide timely notice to Westfield, then Kandu Construction cannot establish a condition precedent to coverage;

s)   Without prejudice to the forgoing positions, in the event that additional insured coverage exists for Kandu Construction, then subsection b.(2) of Condition 4 of the CGL applies to transform the Westfield policy to a CGL of an excess degree;

t)   There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

52.   An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no duty to defend Kandu Construction against the *Durakovic* lawsuit under the CGL coverage part; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

<u>COUNT II: NO DUTY TO DEFEND KANDU CONSTRUCTION</u>
<u>UNDER THE E&O COVERAGE PART</u>

1-50.   Westfield adopts paragraphs 1 through 50 of the general allegations as paragraphs 1 through 50 of Count II.

51.   Westfield Insurance Company owes no duty to defend Kandu Construction under the E&O for one or more of the following reasons:

a)   The E&O coverage was not intended to provide coverage to Kandu Construction

against liability for bodily injury;

b) The E&O coverage was not intended to provide coverage to Kandu Construction against liability for property damage to property other than Kandu Construction's product, work, or impaired property;

c) The underlying complaint does not allege property damage to Kandu Construction's product;

d) The underlying complaint does not allege property damage to Kandu Construction's work;

e) The underlying complaint does not allege property damage to Kandu Construction's "impaired property;"

f) The underlying complaint does not allege loss, cost or expense incurred by another for the loss, use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Kandu Construction's (1) product; (2) work; or (3) "impaired property;"

g) Without prejudice to the forgoing positions, exclusion 3 reinforces the proposition that coverage is not available for "Bodily injury", "personal and advertising injury"; or b. "Property damage" to property other than "your product", "your Work" or "impaired property";

h) Without prejudice to the forgoing positions, no duty to defend exists where the underlying complaint does not set forth any allegations of property damage to Kandu Construction's product, work, or impaired property, as those terms are used in the E&O coverage form;

i) Without prejudice to the forgoing positions, exclusion 9 of the endorsement, titled

"intentional injury," bars coverage for "any liability for damages which may reasonably be expected to result from the intentional or criminal acts of an insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended;"

j) Without prejudice to the forgoing positions, the acts of the insured hosting illegal underage drinking parties, which caused the underlying plaintiff's decedent to die while a passenger in a motor vehicle, were intentional or criminal for which coverage is barred;

k) Without prejudice to the forgoing positions, it is expected or intended that hosting illegal underage drinking parties results in harm or injury;

l) Without prejudice to the forgoing positions, it is expected or intended that the consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

m) Without prejudice to the forgoing positions, it is expected or intended that the consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

u) Without prejudice to the forgoing positions, contractual liability exclusion reinforces the proposition that the E&O was not intended to provide coverage against disappointed commercial expectations in connection with Kandu Construction hosting illegal underage drinking parties;

v) Without prejudice to the forgoing positions, in this case, the underlying complaint does not allege any contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally

driving while intoxicated, so as to involve an insured contract situation;

w) Even if the underlying complaint did allege a contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, Illinois courts would render the promise void and wholly unenforceable as against public policy;

x) Without prejudice to the forgoing positions, if Kandu Construction knew of the incident, but failed to provide timely notice to Westfield, then Kandu Construction cannot establish a condition precedent to coverage;

y) Without prejudice to the forgoing positions, in the event that other similar insurance coverage that applies for Kandu Construction, then Condition 4 of the E&O applies to limit payment for the loss;

z) There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

52.      An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no duty to defend Kandu Construction against the *Durakovic* lawsuit under the E&O coverage part; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

### COUNT III: NO DUTY TO DEFEND KANDU CONSTRUCTION UNDER THE BUSINESS AUTO LIABILITY COVERAGE PART

1-50.    Westfield adopts paragraphs 1 through 50 of the general allegations as paragraphs 1 through 50 of Count III.

51.    Westfield Insurance Company owes no duty to defend Kandu Construction under the business auto liability coverage part for one or more of the following reasons:

    a)  Alic's vehicle is not a covered vehicle, where the underlying complaint alleges that the fatal incident happened while Alic was driving a vehicle that Alic provided;

    b)  Alic's vehicle is not a covered vehicle, where the factual allegations of the complaint do not involve a permissive use situation with respect to an auto that Kandu Construction owned, leased, hired, rented or borrowed;

    c)  Alic's vehicle is not a covered vehicle, where there are no allegations that Alic was Kandu Construction's employee;

    d)  Alic's vehicle is not a covered vehicle, where there are no allegations that at the time of the accident Kandu Construction was using Alic's vehicle in connection with Kandu Construction's business as a general contractor or carpentry contractor in connection with construction, reconstruction, repair or erection of buildings;

    e)  Since Alic's vehicle is not a covered auto, Kandu Construction is not an insured under the business auto liability coverage part in connection with the *Durakovic* lawsuit;

    f)  Without prejudice to the forgoing positions, bodily injury resulting from the insured hosting illegal underage drinking parties is not an "accident" or

"occurrence;"

g) Without prejudice to the forgoing positions, the natural and ordinary consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

h) Without prejudice to the forgoing positions, the natural and ordinary consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

i) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the business auto liability coverage form;

j) Without prejudice to the forgoing positions, the acts of an insured in supplying alcoholic beverages to an underage person, the consequences of which is a fatal auto-accident, are intentional or criminal acts for which the business auto liability coverage form was not intended to provide coverage;

k) Without prejudice to the forgoing positions, the acts of the insured hosting illegal underage drinking parties, which caused the underlying plaintiff's decedent to die while a passenger in a motor vehicle, were intentional for which coverage is barred;

l) Without prejudice to the forgoing positions, it is expected or intended that hosting illegal underage drinking parties results in harm or injury;

m) Without prejudice to the forgoing positions, it is expected or intended that the consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

25

n)  Without prejudice to the forgoing positions, it is expected or intended that the consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

o)  Without prejudice to the forgoing positions, the contractual liability exclusion reinforces the proposition that the business auto liability coverage part was not intended to provide coverage against disappointed commercial expectations in connection with Kandu Construction hosting illegal underage drinking parties;

p)  Without prejudice to the forgoing positions, in this case, the underlying complaint does not allege any contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, so as to involve an insured contract situation;

q)  Even if the underlying complaint did allege a contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, Illinois courts would render the promise void and wholly unenforceable as against public policy;

r)  Without prejudice to the forgoing positions, if Kandu Construction knew of the incident, but failed to provide timely notice to Westfield, then Kandu Construction cannot establish a condition precedent to coverage;

s)  Without prejudice to the forgoing positions, even if hypothetically Alic's vehicle was a covered auto, General Condition 5 of Section IV of the business auto liability coverage part would apply to transform the policy to business auto liability coverage of an excess degree, where Kandu Construction did not own the auto at the time of the incident;

26

     t)   There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

52.    An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no duty to defend Kandu Construction against the *Durakovic* lawsuit under the business auto liability coverage part; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

## COUNT IV: NO DUTY TO DEFEND JAMES KANDU UNDER THE CGL COVERAGE PART

1-50.   Westfield adopts paragraphs 1 through 50 of the general allegations as paragraphs 1 through 50 of Count IV.

51.    Westfield Insurance Company owes no duty to defend James Kandu under the CGL for one or more of the following reasons:

     a)   James Kandu is not an insured under the CGL coverage part, where the underlying complaint does not allege that James Kandu's liability is with respect to James Kandu's duties as an officer or director of Kandu Construction in the conduct of Kandu Construction's business as a general contractor or carpentry contractor in connection with construction, reconstruction, repair or erection of buildings;

     b)   James Kandu is not an insured under the CGL coverage part, where the

27

underlying complaint does not condition Kandu Construction's liability upon a finding that James Kandu is liable;

c) Without prejudice to the foregoing positions, harm resulting from the insured hosting illegal underage drinking parties is not an "accident" or "occurrence," as the CGL uses that term;

d) Without prejudice to the foregoing positions, the natural and ordinary consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

e) Without prejudice to the foregoing positions, the natural and ordinary consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

f) Without prejudice to the foregoing positions, the CGL was not intended to provide coverage against disappointed commercial expectations in connection with the insured hosting illegal underage drinking parties;

g) Without prejudice to the foregoing positions, the CGL was not intended to provide coverage against bodily injury arising out of Alic's act of illegally driving his vehicle while intoxicated;

h) Without prejudice to the foregoing positions, the CGL was not intended to provide coverage against bodily injury arising out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured, including "use" in the form of loading or unloading;

i) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the CGL, where

the acts of an insured in hosting illegal underage drinking parties, the consequences of which is a fatal auto-accident, are intentional or criminal acts for which a CGL was not intended to provide coverage;

j)  Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the CGL, where it is expected or intended that hosting illegal underage drinking parties results in harm or injury;

k)  Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no duty to defend exists under the CGL, where it is expected or intended that the consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

l)  Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the CGL, where it is expected or intended that the consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

m)  Without prejudice to the forgoing positions, the contractual liability exclusion reinforces the proposition that the CGL was not intended to provide coverage against disappointed commercial expectations in connection with the insured hosting illegal underage drinking parties;

n)  Without prejudice to the forgoing positions, in this case, the underlying complaint does not allege any contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally

29

driving while intoxicated, so as to involve an insured contract situation;

o) Even if the underlying complaint did allege a contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, Illinois courts would render the promise void and wholly unenforceable as against public policy;

p) Without prejudice to the forgoing positions, auto exclusion reinforces the proposition that CGL was not intended to provide coverage against Alic's act of illegally driving while intoxicated;

q) Without prejudice to the forgoing positions, the auto exclusion reinforces the proposition that CGL was not intended to provide coverage against bodily injury arising out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured, including "use" in the form of loading or unloading;

r) Without prejudice to the foregoing positions, the underlying complaint does not set forth allegations against James Kandu constituting any of the offenses set forth in the definition of "personal and advertising injury," therefore, there is no duty to defend;

s) Without prejudice to the forgoing positions, if James Kandu knew of the incident, but failed to provide timely notice to Westfield, then James Kandu cannot establish a condition precedent to coverage;

t) Without prejudice to the forgoing positions, in the event that additional insured coverage exists for James Kandu, then subsection b.(2) of Condition 4 of the CGL applies to transform the Westfield policy to a CGL of an excess degree;

u) There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

52. An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no duty to defend James Kandu against the *Durakovic* lawsuit under the CGL coverage part; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

## COUNT V: NO DUTY TO DEFEND JAMES KANDU UNDER THE E&O COVERAGE PART

1-50. Westfield adopts paragraphs 1 through 50 of the general allegations as paragraphs 1 through 50 of Count V.

51. Westfield Insurance Company owes no duty to defend James Kandu under the E&O for one or more of the following reasons:

a) James Kandu is not an insured under the E&O coverage part, where the underlying complaint does not allege that James Kandu's liability is with respect to James Kandu's duties as an officer or director of Kandu Construction in the conduct of Kandu Construction's business as a general contractor or carpentry contractor in connection with construction, reconstruction, repair or erection of buildings;

b) James Kandu is not an insured under the E&O coverage part, where the underlying complaint does not condition Kandu Construction's liability upon a

31

finding that James Kandu is liable;

c) Without prejudice to the foregoing positions, the E&O coverage was not intended to provide coverage to the insured against liability for bodily injury;

d) Without prejudice to the foregoing positions, the E&O coverage was not intended to provide coverage to the insured against liability for property damage to property other than Kandu Construction's product, work, or impaired property;

e) Without prejudice to the foregoing positions, the underlying complaint does not allege property damage to Kandu Construction's product;

f) Without prejudice to the foregoing positions, the underlying complaint does not allege property damage to Kandu Construction's work;

g) Without prejudice to the foregoing positions, the underlying complaint does not allege property damage to Kandu Construction's "impaired property;"

h) Without prejudice to the foregoing positions, the underlying complaint does not allege loss, cost or expense incurred by another for the loss, use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Kandu Construction's (1) product; (2) work; or (3) "impaired property;"

i) Without prejudice to the forgoing positions, exclusion 3 reinforces the proposition that coverage is not available for "Bodily injury", "personal and advertising injury"; or b. "Property damage" to property other than "your product", "your Work" or "impaired property";

j) Without prejudice to the forgoing positions, no duty to defend exists where the underlying complaint does not set forth any allegations of property damage to Kandu Construction's product, work, or impaired property, as those terms are

used in the E&O coverage form;

k) Without prejudice to the forgoing positions, exclusion 9 of the endorsement, titled "intentional injury," bars coverage for "any liability for damages which may reasonably be expected to result from the intentional or criminal acts of an insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended;"

l) Without prejudice to the forgoing positions, the acts of the insured hosting illegal underage drinking parties, which caused the underlying plaintiff's decedent to die while a passenger in a motor vehicle, were intentional or criminal for which coverage is barred;

m) Without prejudice to the forgoing positions, it is expected or intended that hosting illegal underage drinking parties results in harm or injury;

n) Without prejudice to the forgoing positions, it is expected or intended that the consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

o) Without prejudice to the forgoing positions, it is expected or intended that the consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

p) Without prejudice to the forgoing positions, contractual liability exclusion reinforces the proposition that the E&O was not intended to provide coverage against disappointed commercial expectations in connection with James Kandu hosting illegal underage drinking parties;

q) Without prejudice to the forgoing positions, in this case, the underlying complaint

33

does not allege any contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, so as to involve an insured contract situation;

r) Even if the underlying complaint did allege a contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, Illinois courts would render the promise void and wholly unenforceable as against public policy;

s) Without prejudice to the forgoing positions, if James Kandu knew of the incident, but failed to provide timely notice to Westfield, then James Kandu cannot establish a condition precedent to coverage;

t) Without prejudice to the forgoing positions, in the event that other similar insurance coverage that applies for James Kandu, then Condition 4 of the E&O applies to limit payment for the loss;

u) There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

52.    An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no duty to defend James Kandu against the *Durakovic* lawsuit under the E&O coverage part; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

<u>COUNT VI: NO DUTY TO DEFEND JAMES KANDU</u>
<u>UNDER THE BUSINESS AUTO LIABILITY COVERAGE PART</u>

1-50.    Westfield adopts paragraphs 1 through 50 of the general allegations as paragraphs 1 through 50 of Count VI.

51.    Westfield Insurance Company owes no duty to defend Kandu Construction under the business auto liability coverage part for one or more of the following reasons:

a)  Alic's vehicle is not a covered vehicle, where the underlying complaint alleges that the fatal incident happened while Alic was driving a vehicle that Alic provided;

b)  Alic's vehicle is not a covered vehicle, where the factual allegations of the complaint do not involve a permissive use situation with respect to an auto that Kandu Construction owned, leased, hired, rented or borrowed;

c)  Alic's vehicle is not a covered vehicle, where there are no allegations that Alic was Kandu Construction's employee;

d)  Alic's vehicle is not a covered vehicle, where there are no allegations that at the time of the accident Kandu Construction was using Alic's vehicle in connection with Kandu Construction's business as a general contractor or carpentry contractor in connection with construction, reconstruction, repair or erection of buildings;

e)  Since Alic's vehicle is not a covered auto, James Kandu is not an insured under the business auto liability coverage part in connection with the *Durakovic* lawsuit;

f)  Without prejudice to foregoing positions, James Kandu is not an insured under the business auto liability coverage part in connection with the *Durakovic* lawsuit,

where Alic is the person that provided the transportation rather than James Kandu;

g) Without prejudice to the forgoing positions, bodily injury resulting from the insured hosting illegal underage drinking parties is not an "accident" or "occurrence;"

h) Without prejudice to the forgoing positions, the natural and ordinary consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

i) Without prejudice to the forgoing positions, the natural and ordinary consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

j) Without prejudice to the forgoing positions, the "expected or intended injury" exclusion reinforces the proposition that no coverage exists under the business auto liability coverage form;

k) Without prejudice to the forgoing positions, the acts of an insured in supplying alcoholic beverages to an underage person, the consequences of which is a fatal auto-accident, are intentional or criminal acts for which the business auto liability coverage form was not intended to provide coverage;

l) Without prejudice to the forgoing positions, the acts of the insured hosting illegal underage drinking parties, which caused the underlying plaintiff's decedent to die while a passenger in a motor vehicle, were intentional for which coverage is barred;

m) Without prejudice to the forgoing positions, it is expected or intended that hosting illegal underage drinking parties results in harm or injury;

n) Without prejudice to the forgoing positions, it is expected or intended that the consequences of encouraging underage persons to consume alcoholic beverages until they become intoxicated is harm or injury;

o) Without prejudice to the forgoing positions, it is expected or intended that the consequences of requiring underage persons to drive off the premises while visibly intoxicated is harm or injury;

p) Without prejudice to the forgoing positions, the contractual liability exclusion reinforces the proposition that the business auto liability coverage part was not intended to provide coverage against disappointed commercial expectations in connection with James Kandu hosting illegal underage drinking parties;

q) Without prejudice to the forgoing positions, in this case, the underlying complaint does not allege any contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, so as to involve an insured contract situation;

r) Even if the underlying complaint did allege a contractual obligation to indemnify Alic or the decedent against the acts of illegally consuming alcoholic beverages and then illegally driving while intoxicated, Illinois courts would render the promise void and wholly unenforceable as against public policy;

s) Without prejudice to the forgoing positions, if James Kandu knew of the incident, but failed to provide timely notice to Westfield, then James Kandu cannot establish a condition precedent to coverage;

t) Without prejudice to the forgoing positions, even if hypothetically Alic's vehicle was a covered auto, General Condition 5 of Section IV of the business auto

liability coverage part would apply to transform the policy to business auto liability coverage of an excess degree, where Kandu Construction did not own the auto at the time of the incident;

u) There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

52.    An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no duty to defend James Kandu against the *Durakovic* lawsuit under the business auto liability coverage part; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

ESP KREUZER CORES LLP
400 S. County Farm Road
Suite 200
Wheaton, Illinois 60187
(630) 871-1002; ARDC #6274517; our file 1.10056K
jbarger@ekclawfirm.com; lmurphy@ekclawfirm.com

RESPECTFULLY SUBMITTED,

_____
Jeffrey S. Barger