IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WESTFIELD PREMIER INSURANCE COMPANY,**<br><br>     Plaintiff,<br><br>  v.<br><br>**KANDU CONSTRUCTION, INC.,** *et al.***,**<br><br>     Defendants. | **Case No. 22 C 5354**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

  This is an action for declaratory judgment brought by Westfield Premier Insurance Company ("Westfield") against its insureds, Kandu Construction, Inc., and James Kandu (collectively, "Kandu,") and Cano Durakovic, the Special Administrator of the Estate of Dilan Durakovic ("Durakovic"), the plaintiff in the underlying Cook County Circuit Court.

  Durakovic filed a complaint in the underlying court case followed by two subsequent amended complaints. The first three counts of each of the three complaints are designated as "Count I, Negligence/In-Concert Liability;" "Count II, Negligence Voluntary Undertaking;" and "Count III, Negligence Wrongful Death." The First Amended Complaint is identical but adds a wrongful death count against an additional party defendant, Adrian Alic ("Alic"), the driver of the car in which the decedent was killed. The final

amended complaint designated "Third Amended Complaint at Law," reasserts the first three counts of the previous complaint versions but adds to these counts additional defendants, specifically the family members and corporate officers named Jacob Kandu and Joshua Kandu (collectively with Kandu, "the Kandus"). It also adds a new count against James Kandu and Kandu Construction, Inc., designated negligent supervision, another count, based on the Restatement (Second) of Torts § 344, against James, Jacob, and Joshua Kandu and Kandu Construction. Inc., and finally reasserts the wrongful death count against Alic.

The Court today decides Westfield's Motion for Judgment on the Pleadings (Dkt. No. 12) and Cano Durakovic's Motion to Dismiss (Dkt. No. 15).

### I. BACKGROUND

#### A. Underage Drinking Allegations

The first three counts of the underlying complaints allege the same underlying facts concerning the incident giving rise to the issue of insurance coverage. The third amended complaint adds some additional facts, which do not contradict any facts alleged in the first two complaints. On September 5, 2021, the Kandus and the Kandu Construction, Inc. hosted an illegal underage drinking party at the Kandu Construction warehouse located in Skokie, Illinois. The Kandus earned extra money hosting the party by

assessing a $10 entry fee. They hired off-duty police officers to help maintain order. Attendees were told to bring your own beverage ("BYOB"). Guests included the decedent, Dilan Durakovic, and Adrian Alic, both of whom were under the legal drinking age. Alic provided Durakovic with transportation to and from the party. The Kandus encouraged Alic to consume alcoholic beverages at the party sufficient to cause intoxication. Because the party was soon overcrowded with underage drinkers, the Kandus shut down the party at approximately 11:00 p.m. At that time, the minor invitees were ordered to vacate the premises. Thus, according to the complaint, the Kandus required Alic to drive away from the premises with Dilan Durakovic as his passenger while visibly intoxicated. At approximately 11:30 p.m., Alic's automobile slammed into a tree killing Dilan Durakovic. Alic was charged with the crime of Driving Under the Influence.

The complaint specifically charges the Kandus with "negligently encouraging Alic to consume alcoholic beverages until he became intoxicated and then required him to drive off the said premises." The complaint further charges the Kandus with the following specific acts:

> 16. At all relevant times, Defendants, JAMES KANDU and KANDU CONSTRUCTION INC., were guilty of one or more of the following acts assisting and/or encouraging Adrian Alic's tortious conduct of driving under the influence:

      a. Permitted conditions to exist whereby Defendants provided a venue for possession and/or consumption of alcohol by minor invitees on their private property;

      b. Permitted conditions to exist whereby Defendants allowed minor invitees to bring alcoholic beverages onto their private property for consumption;

      c. Permitted conditions to exist whereby Defendants assisted, encouraged, aided and abetted minors, including Adrian Alic, to consume alcoholic beverages;

      d. Permitted conditions to exist whereby Defendants assisted, encouraged, aided and abetted minors, including Adrian Alic, to drive off of their premises after consuming alcoholic beverages and visibly intoxicated;

      e. Permitted Adrian Alic to drive off of their premises while visibly intoxicated and after being encouraged to consume alcoholic beverages at The Party

      f. Ordered Adrian Alic to vacate the premises and directed him to drive off the premises in his vehicle while visibly intoxicated;

      g. Observed Adrian Alic get into his vehicle with passengers after consuming alcoholic beverages at The Party;

      h. Permitted conditions to exist whereby Defendants failed to prevent impaired minors, including Adrian Alic, from driving motor vehicles and/or causing harm to others; and

      i. Organized and/or managed the venue so as to assist, encourage, aid and abet (a)-(h).

The complaint then asserts that one or more of these acts was the proximate cause of Durakovic's death.

Count II alleges that the Kandus stated in text messages that the party was "safe and legal", and that consumption of alcoholic beverages would not be served. This affirmative action constitutes a "voluntary undertaking" to provide security measures for the party and the Kandus further undertook the duty by hiring off duty Skokie police officers. The amended complaint goes on to allege specific acts as follows:

> 35. Defendants JAMES KANDU and KANDU CONSTRUCTION INC., and/or by and through off-duty Skokie police officers, acting as Defendants' agents, employees, and/or on their behalf, were guilty of one or more of the following negligent acts and/or omissions:
>
> a. Negligently selected off-duty Skokie, Illinois police officers who breached their duty of ordinary and reasonable care as it pertained to the minor invitees present at The Party on September 5, 2021;
>
> b. Failed to provide adequate security and other reasonable safeguards to prevent underage consumption of alcohol while minor invitees were on KANDU CONSTRUCTION premises;
>
> c. Failed to maintain adequate security to keep all minor invitees safe while on KANDU CONSTRUCTION premises and directly after leaving said premises;
>
> c. Failed to remove Adrian Alic from the KANDU CONSTRUCTION premises once it became apparent that he was intoxicated after consuming alcoholic beverages;
>
> d. Failed and refused to intervene or apprehend Adrian Alic prior to him driving away from The Party at KANDU CONSTRUCTION as it should have been known by Defendants, their agents, and/or employees that he consumed

alcoholic beverages and was driving the vehicle he arrived in;

    e. Failed to contact the police in a timely manner to prevent underage consumption of alcohol and/or impaired driving; and

    f. Were otherwise careless and negligent.

The complaint then asserts that one or more of the foregoing was a proximate cause of Drakovic's death.

### B. The Policy Provision

The policy in question, a Commercial General Liability policy, provides coverage to the Kandus for "bodily injury or property damage" under certain circumstances. The applicable provisions read as follows:

30. "Coverage A – Bodily Injury and Property Damage Liability" of Section I of the CGL reads in part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" of "property damage" to which this insurance does not apply. ***

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

- 6 -

>     **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"
>
>     **(2)** The "bodily injury" or "property damage" occurs during the policy period; \*\*\*
>
> **2.** Exclusions
>
> Thus, the insurance does not apply to:
>
>     **a.** Expected or Intended Injury.
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force for the purpose of protecting persons or property.

The issue in the case arises from the foregoing exclusion for coverage for damages resulting from "expected or Intentional injuries.

## II. DISCUSSION

### A. Motion To Dismiss on Mootness

Before reaching the question of coverage the Court must consider the Motion filed by Cano Durakovic to dismiss the Declaratory Judgment Complaint on the grounds of mootness. Darakovic's argument relies on the fact that Westfield's Complaint cites only the original Complaint filed by Durakovic in Cook County Circuit Court, even though the Complaint has subsequently been amended two times. Durakovic argues that courts determine coverage by comparing the allegations of the underlying complaint with the

policy provisions in question. Durakovic does not cite any case in support and the Illinois Supreme Court in *Pekin Ins. Co. v. Wilson,* 237 Ill.2d 446 (2010), held that courts deciding coverage issues are not limited to the four corners of the state court complaint. Courts may consider other pleadings in the case, including counter or cross claims in making comparisons. The Court therefore may consider additional amendments made to the complaint in deciding coverage. Yet, the first three counts are all virtually identical in all three versions, therefore, the Court need not consider the later versions in comparison with the policy provisions. The last amended complaint adds as additional defendants, other members of the Kandu family, who are officers of the corporation. Thus, regardless of whether or not the Court considers the later amendments, the issue of an expected or intentional act, as opposed to negligent act, is before the Court. Therefore, there is no issue of mootness. The Motion to Dismiss for mootness is therefore denied.

### B. The Coverage Issue

A judgment on the pleadings is properly granted if the pleadings disclose no issue of material fact and the mover is entitled to judgment as a matter of law. *Employers Insurance of Wausau v. Ehlco Liquidating Trust,* 186 Ill.2d 127 (1999). In a coverage case, the court looks to the pleadings and compares the

allegations to the relevant provisions of the insurance policy. If the facts are within or potentially within coverage, the duty to defend arises. *American States Ins. V. Koloms,* 177 Ill.2d 473 (1997).

Westfield's argument for non-coverage is straightforward. The Kandus provided the forum for Alic to become intoxicated and ordering him to vacate the premises in his automobile with his passenger, Durakovic, thus propelling him on the fatal trip ending in a collision with a tree. According to Westfield, these actions and inactions of the Kandus would be expected to result in the accident and death of Durakovic and was therefore intentional.

Westfield cites several cases in which harm to a plaintiff can be traced to the provision of alcoholic beverages to minors by insured homeowners. *See Century Surety Company v. Seidel,* 893 F.3d 328, 334 n. 3 (5th Cir. 2018); *Encompass Indemnity Co. v. J.H.,* 2017 WL 2062868, *11 (D. Utah 2017); *Allstate Ins. Co. v. J.J.M.,* 254 Mich. App. 418, 422, 657 N.W.2d 181, 183-84 (Ct. App. Mich. 2002); *Illinois Farmers Ins. Co. v. Duffy,* 618 N.W.2d 613, 615 (Ct. App. Minn. 2000); *American Modern Home Ins. Co. v. Corra,* 222 W.Va. 797, 671 S.E.2d 802, 802-03 (W.Va. 2008); *Schinner v. Gundrum,* 349 Wis.2d 529, ¶71, 833 N.W.2d 685, 700 (Wis. 2013); and *Sheely v. Sheely,* 2012 WL 34451, ¶37 (Ct. App. Ohio). However, none of the cases are from Illinois, and *Encompass Indemnity Co.,*

*Allstate,* and *Schinner,* involve sexual assaults committed by minors after consumption of alcohol on the insured premises. These cases focus on the cause of the injury, sexual assaults, which by their very nature constitute deliberative, intentional acts.

However, one of the cases cited by Westfield that is close to being on point is *American Modern Home Ins. Co. v. Corra,* 222 W.Va. 797 (W.Va. 2008). An underage person consumed alcohol on the homeowner's premises as a social guest and became intoxicated. He was later involved in an auto accident that killed the plaintiff, resulting in a state court tort case against the homeowner. The West Virginia Supreme Court held that "knowingly permitting an underage adult to consume alcoholic beverages on homeowner's property" does not constitute an "occurrence" within the meaning of the homeowner's policy at issue, meaning no coverage. The policy provision in question was virtually identical to the Westfield policy. However, a dissenting judge criticized the majority opinion observing that the majority allowed its aversion to teenage drinking to color its decision to the detriment of the law. The judge said that in most cases, the determination of whether an act was intentional or expected, is based on the subjective intent of the policy holder. The dissent characterized the policy holder's decision to make alcohol available to the minor

as obviously careless but not deliberate. Since his carelessness caused the injury, there should be insurance coverage.

The parties have not cited an Illinois case directly on point, nor as the Court found one. In such a circumstance, the Court must anticipate how the Illinois courts would rule. To determine this, the Court reviewed a host of cases in Illinois that discuss what constitutes an accident in the insurance context, where the resulting injury was intended by the insured or whether the specific injury was not intended but resulted from an intentional act by the insured. *See e.g., Lyons v. State Farm,* 349 Ill. App. 3d 404 (5th Dist. 2014). In determining the duty to defend, the underlying complaint must be liberally construed in favor of the insured. So must doubts or ambiguities including exceptions be construed in favor of the insured. The case of *Aetna Casualty v. O'Rourke Bros., Inc.,* 333 Ill. App. 3d 871 (3rd Dist. 2011) is helpful. O'Rourke, a consumer electronics distributor of certain satellite systems, was sued by many of its customers for breach of contract and fraud. In addition to economic damages, the plaintiffs alleged mental anguish, as a personal injury caused by the fraud. *Id.*

Aetna's policy, similar to Westfield's, provided coverage for personal injury, provided it resulted from an "occurrence," which it defined as an "accident." *Id.* Injuries that were expected or

intended, were specifically excluded. *Id.* The Illinois Appellate Court held that Aetna must supply coverage because it failed to show that O'Rourke expected or intended that the customers would suffer mental anguish. The court said:

> The issue that must be determined in deciding whether there is an accident under a liability policy is whether the injury was expected or intended, not whether the acts were performed intentionally. The determination of whether an occurrence qualifies as an accident requires a review of the matter from the objective foreseeability of the insured to determine whether the contingency is known to all sensible people as likely to follow naturally from the insured's conduct.

Id. (Citations omitted.) Moreover, these courts deem foreseeability of an injury or death under tort or criminal law perspective as less stringent than the test of foreseeability of an injury or death under an insurance policy coverage. *Marsh v. Metropolitan Life Ins. Co. Inc.,* 70 Ill. App. 3d 790 (2nd Dist. 1996).

It appears to the Court that, if faced with the facts of this case, Illinois courts would determine from the standpoint of the insured, that serving alcoholic beverages to minors to the point of intoxication, is, as the dissent argued in *Corra,* extremely "careless" and the victims of his carelessness should not suffer the denial of insurance coverage. It was the opinion of the dissenting West Virginia judge that "the homeowner did not intentionally serve alcohol to children intending for them to drive

off the side of the road and get killed." Upon reviewing the aforementioned holdings from Illinois courts, this Court believes that Illinois courts would agree with the view of the West Virginia judge and apply it to such a case as this one.

## IV.   CONCLUSION

For the reasons stated herein, the Court denies Westfield's Motion for Judgment on the Pleadings (Dkt. No. 12) and declares that Westfield has a duty to defend Kandu in the lawsuit filed against the Kandus in the Circuit Court of Cook County arising from Alic's consumption of alcoholic beverages on the Kandu premises that led to the death of Durakovic.

The Motion of Cano Durakovic to Dismiss (Dkt. No. 15) on mootness grounds is denied.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

Dated: 8/17/2023